MURPHY & DENNIS, PLAINTIFFS, v. CHARLES
WHITLOW, DEFENDANT.

IN ACTION AGAINST SURVIVOR OF TWO MAKERS OF PROMISSORY NOTE, after
evidence that a partnership existed between them has been introduced,
it is not error for the court to instruct the jury that if they believe that
the defendant had been notified that such note was out, signed by himself
and the deceased, and that when called on to pay the note he did not
deny the authority of the deceased to make it, but on the contrary, prom-
ised to pay the same, then the defendant is liable on the note. .

WHERE PARTY INTRODUCES TESTIMONY, HE CAN NOT AFTERWARDS OBJECT
TO IT on the ground that it is irrelevant.   Nor can he object to the court's
instructing the jury in reference to it, for if it is really irrelevant, there
is all the more reason why the court should comment upon it so far as to
prevent the jury from being misled by it.

MANNER IN WHICH JUDGE DELIVERED HIS CHARGE TO THE JURY will not be
considered on appeal to this court, unless it was made a ground of the
motion for a new trial, and was supported by affidavit.

APPEAL from the district court of the third judicial
district, Maricopa county.  Action on a promissory note.
The opinion states the facts.

*G. H. Oury* and *J. T. Alsap*, for the appellant.  .

Whitlow was not the partner of Beatty, nor did Murphy
& Dennis give him (Beatty) credit upon any conduct or
representation of Whitlow leading them to believe that such
partnership existed, and therefore Whitlow can not be bound.
*Hendrie* v. *Berkowitz*, 37 Cal. 113; *Dezell* v. *Odell*, 3 Hill, 215;
S. C., 38 Am. Dec. 628; *Reynolds* v. *Lounsbury*, 6 Hill,
534.

The subsequent promise to pay was after Whitlow had
been appointed administrator of the estate of Beatty, and
this was sufficient notice to Murphy & Dennis, that no such
partnership existed, as under the law a surviving partner
can not administer.   Acts of 1873, sec. 52, p. 109.

The subsequent promise to pay by Whitlow was not in
writing, was without consideration, and, therefore, void
under the statute of frauds.   Comp. Laws, c. 36, sec. 12, p.
336.

The fact that Whitlow did not object to the execution of
the note by Beatty does not bind him, as no one can be
bound by implication for the acts of another.   *Mercein* v.
*Andrews*, 10 Wend. 463.

The charge of the court, in relation to the disposal of the mules purchased by Beatty, misled the jury as to the real issue in the case, prejudiced them against the defendant, and was error for which a new trial should have been granted. *Gillet* v. *Phelps*, 12 Wis. 392; *Wardell* v. *Hughes*, 3 Wend. 418.

The testimony of the witness Wilson was reasonable and consistent, was not rebutted or contradicted, nor was any attempt made to impeach it by counsel, and the implied suspicion of its truth, shown by the manner and language of the court, was without reason, tended to prejudice the jury against the witness and his testimony as well as against the defendant, and was error. *Wardell* v. *Hughes*, 3 Wend. 418.

*John A. Rush*, for the respondents.

Strict proof is not required to establish partnership of defendants when necessary to be established by plaintiffs. The proofs in this case are sufficient to establish the partnership of Whitlow and Beatty. 2 Greenl. Ev., secs. 483, 484.

If defendant Whitlow, at the time knowledge of the note was brought home to him and payment demanded by plaintiff, did not deny the partnership, and made no objection to the execution of the note in the partnership name by Beatty, then he is estopped from denying the partnership and ratified the act of Beatty. 2 Kent's Com. 615, 616; 2 Greenl. Ev., secs. 66, 69; *Jones* v. *Clark*, 42 Cal. 193.

When a party has made representations, either by acts or declarations, and others have acted and relied upon the same, the party making them is afterwards estopped from denying the same as true, and equally so whether the representations be true or false. 2 Parsons on Cont. 793, and note *q*, 800.

The plaintiffs in this case, by the acts of defendant, were induced to believe that the partnership had existed, that the note had been executed by Beatty by authority, and that defendant as surviving partner was liable, and so believing and relying upon defendant as surviving partner, neglected to proceed against the estate of Beatty, final settlement of the estate of Beatty having been had. If defendant is per-

mitted to deny the representations so made to plaintiffs, then by his, defendant's, own wrong he deprives plaintiffs of their debt.

By COURT:

This was an action on a promissory note signed by Whitlow & Beatty. Whitlow was sued as surviving partner of the late firm of Whitlow & Beatty. The complaint alleges the partnership and other essentials in form not objected to by the defendant. The defendant answers, denying the partnership, execution of the note, and indebtedness. The case was heard with a jury. Plaintiff introduced evidence to show that the defendant and Beatty, whose name was signed to the note with that of defendant, had held themselves out to the public as partners; that Beatty had executed and delivered the note as a partnership note; that payment of the same was demanded of defendant; that he promised to pay, not denying the authority of Beatty to make the note. The note was put in evidence, with an indorsement of the payment of two hundred dollars thereon.

Defendant introduced evidence denying the partnership, alleging that when he promised to pay the note he was acting as administrator of the estate of Beatty, deceased, and that he promised as administrator, not as personally liable; alleging that he did tell one of the plaintiffs at the time of the demand or conversation about the debt, that Beatty had no authority to pledge defendant for payment. The foregoing evidence was the testimony of defendant himself.

Defendant introduced other evidence, viz., that of one Wilson, his book-keeper, to the effect that though the payment of two hundred dollars on the note had been made by his book-keeper, it was without authority, that the mules, alleged by plaintiff to have been given to defendant in consideration of the note by delivering them to Beatty, had been bought by Beatty with six hundred dollars, given him for that purpose by defendant's book-keeper, as instructed by defendant; and that when Beatty brought them to defendant's place of business, he claimed the mules as his own property, took them off on a journey for about a week, when he returned turned them into defendant's corral, and in a

few days Beatty was killed.   The book-keeper says he cred-
ited Beatty on his books with the mules, having charged
him with the six hundred dollars; that defendant took and
used the mules, sold some of them, had some of them yet;
that he made this credit on the books to Beatty for .the
mules without any instructions from either Beatty or de-
fendant; that Beatty had made no disposition of the mules
after he had returned from the journey mentioned; and that
defendant was absent from home at the time he, the book-
keeper, credited Beatty on the books with the mules.

The jury having been charged, found for plaintiffs.   De-
fendant moved for a new trial, assigning error of law in the
charge of the judge.   Motion denied.   Appeal from the
order refusing new trial.

The judge charged as follows, among other charges: "If
the jury believe from the evidence that the defendant, with
knowledge of the existence of the said note, made no objec-
tion to plaintiffs against the authority of Beatty to make it,
when called upon to pay it, but promised plaintiffs to pay
it, he thereby ratified the act of Beatty and became liable."
This is assigned as error.   We see no error in this charge.
It was not undertaking to answer for the default of another.
The charge says, if the jury believe defendant had knowl-
edge of the note, the note is the note of Whitlow & Beatty.
To have knowledge of that note is to know that it is signed
in that manner; that it is the signature of a partnership; it
is a firm name; there was evidence before the jury that
there was such a firm, and that defendant was a member of
it.   It was not error to say to the jury, with that evidence
before them, that if they believed defendant had been
notified that a note was out signed "Whitlow & Beatty,"
had been called on to pay it, had not denied the authority
of Beatty to make the note, but on the contrary, promised
to pay it, he was then liable on the note.

The court further charged: "It is not my province to say
what is proven, or what is not proven; of that you are the
sole judges.   But I have the right to call the attention of
the jury to important points in the testimony: The manner
in which the defendant obtained the mules purchased by
Beatty.   According to the testimony of Wilson, it would
seem that the mules were brought by Beatty to defendant's

place, and claimed by Beatty as his mules, and were by him taken to McDowell, and brought back to defendant's place by Beatty on the Wednesday before his death. The witness Wilson, according to his own testimony, without one word having been said to him either by Beatty or the defendant, credited Beatty, on his account with defendant, with the mules on the day of or day preceding the death of Beatty; and it appears from the testimony of Wilson, that defendant took possession of the mules, and has retained possession of them ever since. If the defendant was the partner of Beatty, he had a right to the possession of the mules as surviving partner, and if he was not partner, then the mules belonged to the estate of Beatty, according to the testimony of Wilson, and should have been administered upon as the property of the estate, and used to pay the debts of Beatty."

This the second assignment of error. It is urged that it was error to comment on this testimony, because it is claimed the testimony is not relevant to the issue in the case. But all this testimony was introduced by the defendant and admitted without objection. Defendant can not now object that the testimony was irrelevant. The testimony was in, it had gone to the jury, and if it were really irrelevant, all the more reason why the judge should comment upon it, so far as to prevent the jury from being misled by it. The purport of the evidence seemed to be, that because the defendant had the mules in his possession, they were his individual property. The judge explained to them that if the defendant was a partner of Beatty, then the mere fact of his having possession of the mules would prove nothing, because as surviving partner he would have been entitled to the possession; that if he was not a partner, then, according to the testimony of Wilson, the mules belonged to Beatty, and defendant, being administrator of Beatty's estate, would have been entitled to the possession of the mules as such administrator.

Certainly, it is a correct proposition of law that a surviving partner is entitled to the possession of the personal estate of the partnership, pending administration, as also that as administrator in the case shown, if the property be-

longed to Beatty, defendant was entitled to the possession
of it.

It is urged that he could not have been administrator and
partner at the same time, but that is a collateral matter.
His appointment as administrator might have been resisted
·in the probate court, if it were shown that he was a part-
ner, but such a question can not be considered here in this
case on the present record.

It is further urged—and this seems to be relied upon as
a serious ground of objection to this error that, as stated
in the words of the transcript, " this recapitulation by the
court of Wilson's testimony was made with a manner and
emphasis indicative that the court regarded the testimony
as extremely suspicious." Whether the manner in which a
judge delivers a charge, or the peculiar emphasis with which
he pronounces it, can be assigned as error, is not before us.
It is sufficient to say that it is not properly assigned here.
The appeal here is that it was error to deny a new trial.
If it was claimed that a new trial ought to have been granted
for that the defendant was unfairly prejudiced before the
jury by the court, it should have been charged as irregu-
larity in the proceedings of the court, coming under the
first of the seven grounds for new trials, and the application
should have been supported by affidavit. That is the mode
prescribed by the statute, and it can not be properly pre-
sented or raised in any other way. A judge may have been
entirely unconscious of the fact that his manner of address-
ing the jury was thought to unfairly prejudice them in any
way in the case. If the charge is deliberately brought be-
fore him on motion for a new trial, and affidavits filed with
it showing what persons consider that his manner was
unfair, and to what extent they think it was calculated to
prejudice either party, he, as also the appellate court, is in
a position to judge whether a new trial ought to have been
granted or not. But when parties have not thought the
matter of sufficient importance to present it properly, or for
any cause have not in fact done so, the question can not of
course be considered on appeal.

The order denying a new trial, and the final judgment are
hereby affirmed.